## In Re Bowden's Estate.

1. Exempted property (exclusive of the homestead) forms no part of a decedent's estate so long as a member of the family survives ; and in estimating the value of an estate for the purpose of fixing the amount of the bond to be required of the administrator, such property is not to be computed.

2. The exaction of a largely excessive bond from a party entitled to administration of an estate is oppressive, and in the present case called forth the severe reprehension of this court, together with the admonition that when the law is complied with, it is usually safest to require nothing more.

Appeal from Limestone. Tried below before the Hon. F. P. Woods.

The character of this case and all material facts are disclosed in the opinion of the court.

No briefs have reached the hands of the Reporter.

WALKER, J.—The twenty-sixth section of the act prescribing the mode of proceeding in the district courts in matters of probate reads thus: "The property reserved from forced sale by the Constitution and laws of this State, or its value, if there be no such property, does not form any part of the estate of a deceased person, when a constituent of the family survives."

The one hundred and sixth section reads thus: "The administrator shall enter into bond with one or more sufficient sureties, to be approved by and payable to the clerk, in an amount not less than double the estimated value of the personal property and real estate."

The estate of T. V. W. Bowden, after deducting the homestead of the widow, was $1779 11. Twice this amount would be $3558 22. The court would have satisfied the law if a bond in this amount had been taken of Mrs. Stockton (late the widow of Bowden, deceased,) and her husband, M. B. Stockton. But it appears that from some cause the court demanded a bond in the sum of $12,000. If this can be called discretion under the one hundred and sixth section of the probate act, we see no reason why, in the full latitude of discretion, a bond for $100,000 might not be demanded, and thereby administration be denied to those, in many cases, to whom the law has given it. Such would be not discretion but oppression. We think it proper to remark that when the law is complied with, it is generally safest to undertake nothing more; and when the penalty of a bond is fixed at double the amount of the damages which could possibly be sustained by its breach, it ought to be and is in law sufficient.

This case is reversed and remanded to be proceeded in in accordance with this opinion.

Reversed and remanded.